COLLINS, Sr., Plaintiff-Appellant, v. WARREN (City),
Defendant-Appellee.

Ohio Appeals, Seventh District, Trumbull County.

No. 947.

## OPINION

By BENNETT, J.

This is a damage action brought by the plaintiff against the defendant because of personal injuries alleged to have been caused by a defective sidewalk on Logan Avenue, Warren. The defect, as shown by pictures introduced in evidence, was a bad hole in the sidewalk where a driveway crossed it. The street ran north and south and the hole on the west side of the walk was about five feet wide and on the east side was some three feet wide. The hole was some six inches deep. Some broken portions of the original walk were in the hole at the time of the accident. Other portions of the original stone had been moved out of the hole. The plaintiff testified that this condition in the sidewalk had existed some two and one-half years, that he had lived on that street during all that period and had probably passed over the bad spot two or three times a week during the period. The accident occurred between eight and nine o'clock P. M. on April 5, 1937. The plaintiff had been further down the street at a grocery store on the same side of the street and was returning home with a basket of groceries. It had been drizzling and was dark at the time.

The plaintiff's story of what happened was as follows:

"Well, naturally I had to take the groceries home and I

was walking along very carefully as I always have walked and when I came to this point the light shone there was water in a hole there and I thought I would test out this stone that laid in the center of that hole, which was away below the center of the sidewalk, and I stepped on with my left foot to test it and it seemed to be all right, but when I stepped down on it it simply crashed into the mud and threw me."

The street car rails were being removed from the center of the street and the street was impassible for vehicular traffic except a lane on either side between the curb and the torn up portion which was wide enough for a single car to pass.

The plaintiff himself was his only witness and when he rested his case the court directed a verdict for the defendant on the authority of **Schaefler v. Sandusky, 33 Oh St, 246, Conneaut v. Naef, 54 Oh St, 529,** and **Construction Company v. Sorna, 122 Oh St, 265.**

The plaintiff has appealed on questions of law and contends that the court should not have directed the verdict but should have allowed the matter of the plaintiff's contributory negligence to go to the jury.

We believe that there was a question for the jury upon this testimony, as to whether the plaintiff used the care of the reasonably prudent man under the circumstances and as to whether, phrased in terms of voluntarily assuming a risk, it was an apparent risk or an entirely latent one.

The second syllabus of the Sorna case reads as follows:

"A pedestrian, proceeding with due care as to known defects, who sustains an injury while using a street crossing under course of improvement, the injury being caused not by the known, open and apparent defects, but by a latent, hidden defect in such street crossing, of which he had no knowledge and which could not be detected by him by ordinary and reasonable care, is not guilty of contributory negligence as a matter of law."

See also the syllabus of **Lorain v. Griffith, 50 Oh Ap 505,** which reads as follows:

"Where a person who uses a crosswalk within a municipality knows, or is otherwise charged with knowing, not only in a general way of defects in the crosswalk, but also that it is dangerous to use it in the condition in which it is, he assumes the risk of injury by such user; but where such person, although knowing that the crosswalk is in a defective condition, does not know, and is not otherwise charged with knowing, that it is dangerous to use it in the condition in which it is, he does not, as a matter of law, assume the risk of injury by such user."

We believe that the distinction between the present case and those of ice and snow cited by the defendant is well made by a consideration of two cases found in the same bound volume of the Weekly Law Bulletin, Vol. 33-34. The first is the case of Cleveland v. Stofer, a summary of which is found in Vol. 33 at page 227. The Circuit Court in that case affirmed a judgment against the City for injuries received by the plaintiff in falling upon an iron plate over a sidewalk gutter. The plate had originally been corrugated to prevent slipping but by use had become smooth and rounded. On April 30, 1895 the Supreme Court reversed the case, 52 Oh St, 634, "for the reason that the evidence shows that at and before the time of the accident the defendant in error had full knowledge of the crossing which he charges to have been dangerous." The other case was that of Toledo v. Center, 34 Bull., 213. The Circuit Court in that case affirmed a judgment for the plaintiff who had stepped on a brick in a depression in the sidewalk caused by water flowing across the walk and washing sand from under the bricks. The physical situation was therefore very similar to that involved in the case at bar.

Six months after it had decided the Cleveland case, the Supreme Court affirmed the judgment for the plaintiff in the Toledo case, 53 Oh St, 659, although two judges dissented. From the report in the Bulletin it is apparent that counsel on both sides argued that case along the same general lines as counsel have argued the case at bar.

The substantial difference between the two cases must have been that the slippery condition was obvious to the plaintiff in the one case but the fact that the sand had been washed away and that the brick would turn was not obvious to the plaintiff in the other case.

In the present case it seems to the writer that the plaintiff may have overreached himself by the testimony that he first tried the stone and then went forward. Unless it were shown that the ground to the right of the sidewalk was impassible it seems to me that he may have been guilty of assumption of risk, in distinction to contributory negligence. To test the stone and then proceed might well be due care, and certainly in my opinion would present a jury question as to due care. But to see something which seemed so dangerous as to need testing and then to have elected to proceed by that path instead of to the right of the sidewalk may well have been assumption of risk in one of the relatively few situations where the facts might constitute the voluntary assuming of a risk and not be contributory negli-

gence. Assumption of risk is not pleaded. Probably it would not be necessary to plead it, any more than it would be necessary to plead contributory negligence under the rule in this state, when it is raised by the plaintiff's evidence and a directed verdict is asked at the close of the plaintiff's case. But the record is silent as to the condition of the ground to the right of the sidewalk or the existence of other reasonable alternative route. Still speaking for the writer alone, I believe that the plaintiff would be barred as a matter of law for assuming the risk, only if he had an alternative route and then voluntarily picked this one which he obviously knew presented some danger because he tested it. That he did not know the extent of the danger seems immaterial to me if he knew it presented some danger and decided to take such chance as there was. On the other hand I do not believe that a defendant municipality which owes the plaintiff a duty to keep the sidewalks in shape for him to travel upon can be saved by the defense of assumption of risk if the plaintiff had no alternative route and used due care in proceeding upon the one which the city should have had in shape for his use. See article in 20 Harvard Law Review, 14, 19, et seq.

We hold that a jury question existed as to contributory negligence on the part of the plaintiff and as to his assumption of the risk, if that defense be open under the present pleadings. The latter question was not argued and is not here decided. The judgment below is reversed and the cause remanded for retrial. Reversed.

NICHOLS, PJ, CARTER, J, concur in the judgment.